IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LEAURENZA EDWARDS,
    Plaintiff,

vs.                                          Case No: 5:11cv299/RS/EMT

UNITED STATES,
    Defendant.
_____/

**ORDER and**
**AMENDED REPORT AND RECOMMENDATION**

       On September 20, 2011, the undersigned issued an Order and Report and Recommendation granting Plaintiff's motion to proceed in forma pauperis and recommending that this civil action for a tax refund be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) (doc. 5). This Amended Report and Recommendation is submitted following Plaintiff's filing of a motion to amend (doc. 6) and proposed amended complaint (doc. 7). Because Plaintiff is entitled to amend once as a matter of course, *see* Fed. R. Civ. P. 15(a)(1), the motion to amend will be granted. Upon review of Plaintiff's amended complaint, however, the court concludes that Plaintiff still has not presented and cannot present an actionable federal claim. Therefore, dismissal of this case is warranted.

       Since Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id*. at 327, 109 S. Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504

U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Within the former are those cases in which it is either readily apparent that a complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit; within the latter are those cases describing scenarios clearly removed from reality.  Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990) (citing Neitzke, 490 U.S. at 327–28).

Plaintiff is suing the United States, claiming he is entitled to payment from the government in the amount of his standard deduction for tax year 2010 (doc. 7).  Plaintiff alleges he filed a tax return for the 2010 taxable year on February 22, 2011, and an amended return on March 3, 2011 (id. at 2, 5–8, 12–15).  He states his amended return claimed a standard deduction in the amount of $4,122.00 (id.).[1]  Plaintiff complains that he never received "a refund for the standard deduction for tax year 2010" (doc. 7 at 2–3).  Plaintiff filed a request for appeals review with the Internal Revenue Service ("IRS") on May 2, 2011, stating he had not received his "standard deduction check" in the amount of $5,700.00 or his "personal exemption check" in the amount of $3,650.00 (doc. 7 at 2, 11).  On August 17, 2011, Plaintiff re-filed an amended 1040 return, which was identical to the February 22, 2011 return in all material respects (doc. 7 at 12–15).  On August 23, 2011, Plaintiff filed a Claim for Refund and Request for Abatement with the IRS, requesting a refund in the amount of $9,350.00 for "standard deduction and personal exemption" (doc. 7 at 18–19).  Plaintiff believes he is entitled to a refund of his standard deduction in the amount of $5,700.00, pursuant to 26 U.S.C. § 63(a), (b)(1)(2), (c)(1)(A), and (c)(2)(C) (doc. 7 at 2–3, 11, 16–17).

Section 63 of the Internal Revenue Code defines taxable income.  26 U.S.C. § 63 (2009).  It provides that for individuals like Plaintiff who do not elect to itemize deductions, "taxable income" means adjusted gross income minus the standard deduction.  See 26 U.S.C. § 63(a), (b)(1, 2) (2009).  According to Plaintiff, he is entitled to the basic standard deduction for the 2010 taxable year, which was $5,700.00 (doc. 7 at 2–3).

Plaintiff's amended complaint and attachments show that Plaintiff claimed the standard deduction in the amount provided on the IRS form and instructions.  Plaintiff does not allege the IRS

---

[1] In actuality, the amount of the standard deduction was $5,700.00, as indicated on the amended tax return filed March 3, 2011, which is attached to Plaintiff's amended complaint (doc. 7 at 5–8).  $4,122.00 was Plaintiff's adjusted gross income (id.).

disallowed his standard deduction; rather, he argues he is entitled to a credit or refund in the amount of the deduction. As previously stated, the Internal Revenue Code provides that the standard deduction is an amount <u>deducted from the taxpayer's adjusted gross income</u>. It is thus an amount used in calculating a taxpayer's taxable income, not an amount a taxpayer is entitled to receive from the government. Because it is readily apparent that Plaintiff's amended complaint lacks an arguable basis in law, the complaint is frivolous.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion to amend complaint (doc. 6) is **GRANTED**.

2. The original Report and Recommendation issued on September 20, 2011 (doc. 5) is **VACATED**, and this Amended Report and Recommendation replaces the former in full.

3. The Order (doc. 5) granting Plaintiff's motion to proceed in forma pauperis **REMAINS IN FULL FORCE AND EFFECT**.

And it is respectfully **RECOMMENDED**:

1. That this action be **DISMISSED** with prejudice as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2. That all pending motions be denied as moot.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 27th day of September 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *Se*e 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).